UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAGIC, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>127 HIGH STREET, INC., SILVERMAN ENTERPRISES, LLC, CLEAR CHOICE SALES, LLC, CONCORD III, LLC, MATT DAVIDSON, CHRISTOPHER MOORE, KRISTA CROCKER, JAMES EARL SCOTT d/b/a INFOCONEX ONLINE SERVICES, INC., JCFDATA, INC., JAMES C. FLEMING, AARON HAZELL d/b/a 5 STAR FAX, INC. and JOHN DOES 1-10,<br><br>Defendants. | No. 14 C 4344<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Magic, Inc. ("Plaintiff") filed a complaint against 127 High Street, Inc., Silverman Enterprises, LLC, Clear Choice Sales, LLC, Concord III, LLC, Matt Davidson, Christopher Moore, Krista Crocker, James Earl Scott d/b/a Infoconex Online Services, Inc., JCFDATA, Inc., James C. Fleming, Aaron Hazell d/b/a 5 Star Fax, Inc., and John Does 1-10 ("Defendants"), alleging violations under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Protection Act ("JFPA" or the "Act"). Defendants Clear Choice Sales, LLC ("Clear Choice") and Concord III, LLC ("Concord"), joined by Defendants James Earl Scott, James C. Fleming, JCFDATA, and Aaron Hazell, filed a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, I deny Defendants' motion to dismiss.

1

# I. BACKGROUND

On or about June 16, 2010, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. The fax states, in material part:

> "GET PAID FOR FAXES! – Do you ever receive fax advertisements? Would you like to get paid for receiving fax advertisements? If so, then you should join the **Get Paid for Faxes Program**.
>
> The **Get Paid for Faxes Program** will compensate you by paying a $ 0.50 bounty for each unique fax advertisement that you submit. To qualify for the $0.50, each submitted fax must 1) be an advertisement for a product or service, a newsletter, news release, or press release; 2) have been originally transmitted to you within the past 30 days; and 3) not have been submitted by you previously. Payment will not be made for any stock or investment faxes.
> …
>
> To submit your faxes for payment, simply write your name and phone number on the received fax, and fax it to (866) 458-6503."

Plaintiff had not invited or given permission to Defendants to send the fax. Plaintiff alleges that Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than twenty-five other recipients without first receiving the recipients' express permission or invitation. Plaintiff alleges that there is no reasonable means for Plaintiff or any other class member to avoid receiving the unauthorized faxes.

# II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a § 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a § 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it

appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 1959 (2007).

### III. DISCUSSION

Section 227(b) states that "[i]t shall be unlawful for any person within the United States to use any telephone facsimile machine…to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227(b). An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5).

There is no dispute that Plaintiff had no existing business relationship with Defendants and that Defendants did not obtain his permission to send him the fax; the only issue before this Court is whether the fax constitutes an "unsolicited advertisement" under the TCPA. Defendants contend that the fax at issue is not an "unsolicited advertisement" because it does not advertise property, goods, or services that are commercially available for purchase from Defendants, but rather is a solicitation to purchase items from the recipient. The TCPA does not prohibit faxed solicitations to buy services from the recipient, Defendants argue, and so, Plaintiff's claim must be dismissed. Plaintiff, however, contends that the fax is an advertisement that promotes the "commercial availability of a fax-buying service," in which Defendants provide the service of paying recipients for sending it fax advertisements.

Courts confronted with this issue have looked to the precise information included in the fax, such as descriptions of the availability or quality of products. *See Green v. Time Ins. Co.*, 629 F.Supp.2d 834, 837 (N.D.Ill. 2009). The fax at issue makes an overt pitch to recipients to

join its "Get Paid for Faxes Program" and receive a compensation of "a $ 0.50 bounty for each unique fax advertisement" submitted to Defendants. This fax neither offers employment, *Lutz Appellate Services v. Rodney Curry*, 859 F.Supp. 180 (E.D.Penn 1994), nor attempts to recruit participants to participate in clinical research, *Ameriguard v. University of Kansas Medical Center*, 2006 WL 1766812 (W.D. Mo. 2006). Rather, this fax invites the recipients to do business with Defendants by soliciting recipients to submit advertisements in return for a fee through what amounts to a commercial "fax-buying" service. *Brodsky v. HumanaDental Insurance Company*, 2014 WL 2780089, at *7 (N.D.Ill. June 12, 2014) (fax not merely promoting research studies or trials, but openly inviting recipient to do business and promoting benefits of sender's products, could be an "advertisement" under the TCPA); *Green v. Anthony Clark, Int'l Ins. Brokers, Ltd.* 2009 WL 2515594, at *1 (N.D.Ill. Aug. 17, 2009) (Kennelly, J.) (court found faxes urging insurance brokers to "sell or merge their business(es)" with another company arguably promoted the commercial availability of a service, the brokering of a sale on an insurance agency); see also *Green v. Anthony Clark, Int'l Ins. Brokers, Ltd.*, 2015580 WL 431673, at *5 (N.D.Ill. Feb. 1, 2010).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: December 2, 2014

4