IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAGIC, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>127 HIGH STREET, INC., SILVERMAN ENTERPRISES, LLC, CLEAR CHOICE SALES, LLC, CONCORD III, L.L.C., MATT DAVIDSON, CHRISTOPHER MOORE, KRISTA CROCKER, JAMES EARL SCOTT d/b/a INFOCONEX ONLINE SERVICES, INC., JCFDATA, INC., JAMES C. FLEMING, AARON HAZELL d/b/a 5 STAR FAX, INC. and JOHN DOES 1-10,<br><br>      Defendants. | Civil Action No.: 1:14-cv-04344<br><br>**CLASS ACTION** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, MAGIC, INC. ("Plaintiff") brings this action on behalf of itself and all others similarly situated and alleges the following against Defendants, 127 HIGH STREET, INC., SILVERMAN ENTERPRISES, LLC, CLEAR CHOICE SALES, LLC, CONCORD III, L.L.C., MATT DAVIDSON, CHRISTOPHER MOORE, KIRSTA CROCKER, JAMES EARL SCOTT d/b/a INFOCONEX ONLINE SERVICES, INC., JCFDATA, INC., JAMES C. FLEMING, AARON HAZELL d/b/a 5 STAR FAX, INC. and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending unsolicited facsimile advertisements in violation of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA"), and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

2. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

3. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

4. This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendants from sending unsolicited fax advertisements; and (b) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. This Court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

## PARTIES

7. Plaintiff, Magic, Inc. is an Illinois Corporation that runs a magic shop in Chicago, where it sells materials for magic tricks, including books and DVDs, as well as offering magic lessons and lectures.

8. On information and belief, Defendant Concord III, LLC ("Concord") is a Washington limited liability company and is a "facsimile broadcaster" as defined by 47 C.F.R. § 64.1200(f)(7). On information and belief, Concord owns Defendants Clear Choice Sales, LLC ("Clear Choice") and 127 High Street, Inc. ("127 High Street").

9. On information and belief, Defendant Clear Choice is a Washington limited liability company responsible for sales of Concord's fax-broadcasting services.

10. On information and belief, Defendant 127 High Street was at all relevant times a Michigan corporation responsible for providing customer support for Concord's fax-broadcasting services.

11. On information and belief, Defendant Matt Davidson ("Davidson") is the manager and control person of Clear Choice. On information and belief, Davidson is an employee of Concord.

12. On information and belief, Defendant Christopher Moore ("Moore") is a manager and control person of Concord.

13. On information and belief, Defendant Silverman Enterprises, LLC ("Silverman"), is a Michigan limited liability company.

14. On information and belief, Defendant Krista Crocker ("Crocker") is a member, manager, and control person of Silverman.

15. On information and belief, Defendant James Earl Scott ("Scott") is a Washington resident doing business as Infoconext Online Services, Inc.

16. On information and belief, Defendant JCFData, Inc. ("JCFData") is an Ontario corporation with its principal place of business in Hamilton, Ontario.

17. On information and belief, Defendant James C. Fleming ("Fleming") is the owner and control person of JCFData and also an employee of Concord.

18. On information and belief, Defendant Aaron Hazell ("Hazell") is a Toronto, Ontario resident doing business as 5 Star Fax, Inc. and is also employed by JCFData.

19. On information and belief, Defendants Davidson, Moore, and Crocker approved, authorized, and participated in a scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

20. On information and belief, Defendants Fleming, Hazell, and Scott participated in a scheme to broadcast advertisements by facsimile by (a) directing and supervising employees or third parties to send the advertisements by fax; (b) determining the number and frequency of the facsimile transmissions; and (c) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

21. John Does 1-10 will be identified through discovery, but are not presently known.

## **FACTS**

22. On or about June 16, 2010, the Fax attached as Exhibit A was transmitted to Plaintiff's fax number.

23. Plaintiff did not give "prior express invitation or permission" to anyone to send the Fax to Plaintiff, within the meaning of 47 U.S.C. § 227(a)(5).

24. The Fax occupied Plaintiff's fax line, making it unavailable for legitimate business purposes.

25. The Fax transmitted successfully, and a copy of the Fax printed from Plaintiff's fax machine, using Plaintiff's paper and ink toner.

26. Plaintiff did not have an "established business relationship" with Defendants, within the meaning of 47 C.F.R. § 64.1200(f)(5).

27. The Fax states, "*Get Paid for Faxes*" and invites recipients to "join the Get Paid for Faxes Program."

28. The Fax states, "[t]he Get Paid for Faxes Program will compensate you by paying a $0.50 bounty for each unique fax advertisement that you submit" and "[t]o submit your faxes for payment, simply write your name and phone number on the received fax, and fax it to (866) 458-6503."

29. The Fax states at the bottom: "[i]f you would like to be permanently removed from our fax list, call toll free *(866) 446-3774* and enter your fax number when prompted, or send a toll free fax to (866) 458-6503 with the fax number you wish to be removed clearly indicated on the page. In compliance with FCC regulations, failure to comply with your fax number removal request within 30-days is unlawful."

30. The Fax does not state that a request not to send future fax advertisements is enforceable only if (A) the request identifies the telephone number to which the request relates, (B) the request is made using the means identified by the sender in the fax, and (C) the person making the request does not subsequently give the sender express invitation or permission to send fax advertisements.

31. On information and belief, the Fax was created by Defendant Clear Choice to generate sales for Concord's fax-broadcasting services.

32. On information and belief, the Fax was physically transmitted by Defendant Concord.

33. On information and belief, when consumers submit faxes to recover the "bounty" under the Get Paid for Faxes Program, the faxes are received by Defendant Concord. On information and belief, Concord is the subscriber of the fax number to which the Fax directs recipients to submit fax advertisements.

34. On information and belief, Defendant Crocker pays the "bounty" to consumers at the direction of Defendants Clear Choice and Davidson through a bank account held by Defendant Silverman, which Crocker owns. On information and belief, Clear Choice is Defendant Silverman's only client.

35. On information and belief, Clear Choice collects fax advertisements submitted through the Get Paid for Faxes Program to identify fax advertisers who are not already among its clients. On information and belief, when Clear Choice identifies such a fax advertiser, it sends the fax advertiser a fax from "Clear Choice Sales" offering lower "page rates" for fax-broadcasting services.

36. On information and belief, if a fax advertiser inquires about the lower page rates, Defendant Clear Choice offers the advertiser a rate and refers the fax advertiser to Defendant 127 High Street's website for processing fax-broadcasting orders.

37. On information and belief, Clear Choice receives a commission for a percentage of all fax-advertising fees generated for Concord through the Get Paid for Faxes Program.

38. On information and belief, Defendant Scott is employed by Defendant Concord as a software architect. On information and belief, Scott set up and maintained websites and software for Concord and Clear Choice and assisted their fax-advertiser clients in broadcasting faxes.

39. On information and belief, Defendant JCFData set up and maintained the website for 127 High Street and assisted Concord and Clear Choice's fax-advertiser clients in broadcasting faxes.

40. On information and belief, Defendant Fleming owns JCFData and is a Concord employee. On information and belief, Fleming set up and maintained the website for 127 High Street and assisted Concord and Clear Choice's fax-advertiser clients in broadcasting faxes.

41. On information and belief, Defendant Hazell is a Senior Software Quality Assurance Analyst employed by JCFData. On information and belief, Hazell set up and maintained the website for "5 Star Fax," which later became 127 High Street, and assisted Concord and Clear Choice's fax-advertiser clients in broadcasting faxes.

42. On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt out language to Plaintiff and at least 40 other recipients without first receiving the recipients' prior express invitation or permission.

7

43. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

44. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All persons or entities who on or after June 11, 2010, were sent telephone facsimile messages regarding a "Get Paid for Faxes Program" offering to pay a "bounty for each unique fax advertisement that you submit."

Excluded from the Class are the Defendants and their employees and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

45. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

46. Commonality (Fed. R. Civ. P. 23 (a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    a. Whether each Defendant is a "sender" of unsolicited fax advertisements;

    b. Whether Defendants' faxes advertised the commercial availability or quality of any property, goods, or services;

  c. The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited fax advertisements;

  d. Whether Defendants faxed advertisements without first obtaining the recipients' "prior express invitation or permission";

  e. Whether Defendants sent fax advertisements "knowingly" or "willfully";

  f. Whether Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

  g. Whether the faxes contain an "opt-out notice" that complies with 47 U.S.C. § (b)(1)(C)(iii) and 47 C.F.R. § 64.1200(a)(4)(iii)–(iv), and the effect of the failure to comply with such requirements;

  h. Whether Defendants should be enjoined from faxing advertisements in the future;

  i. Whether Plaintiff and the other members of the class are entitled to statutory damages; and

  j. Whether the Court should award treble damages.

47. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or substantially similar fax as the other class members sent by or on behalf of Defendants advertising goods and services of the Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or substantially similar faxes.

48. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

49. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. Proof of Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

    b. Evidence regarding defenses or any exceptions to liability that Defendants may assert and attempt to prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

    c. Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    d. The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e. This case is inherently manageable as a class action in that:

        i. Defendants identified persons or entities to receive the fax transmissions and Defendants' computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

   ii.  Liability and damages can be established for Plaintiff and the class with the same common proofs;

   iii.  Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

   iv.  A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

   v.  A class action will contribute to uniformity of decisions concerning Defendants' practices; and

   vi.  As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

**Claim for Relief under the TCPA, 47 U.S.C. § 227(b)(3)**

50. The Fax is an "advertisement" as defined by 47 C.F.R. § 64.1200(f)(1) because it advertises the commercial availability or quality of a fax-buying "service."

51. The Fax is an "advertisement" as defined by 47 C.F.R. § 64.1200(f)(1) because it is part of overall marketing campaign to promote Defendants' fax-broadcasting services.

52. The Fax was transmitted to Plaintiff's fax machine using a "telephone facsimile machine, computer, or other device," within the meaning of 47 U.S.C. § 227(b)(1)(C).

53. The Fax was "unsolicited," within the meaning of 47 U.S.C. § 227(a)(5).

54. Each Defendant is a "sender" of the Fax, defined by FCC regulations as any "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10).

55. Each Defendant had a "high degree of involvement" in the sending of fax advertisements to the Class or "actual notice" of the faxing.

56. The Fax is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, the Fax constitutes material furnished in connection with Defendants' work or operations.

57. The Fax did not display the opt-out notice required to maintain an affirmative defense of "established business relationship" under 47 C.F.R. § 64.1200(a)(4)(iii) because the notice is not "clear and conspicuous," as required by 47 C.F.R. § 64.1200(a)(4)(iii)(A), and it does not set forth "the requirements for an opt-out request," as required by § 64.1200(a)(4)(iii)(C).

58. The Fax did not display the opt-out notice required to maintain an affirmative defense of "prior express invitation or permission" under 47 C.F.R. § 64.1200(a)(4)(iv) because the notice is not "clear and conspicuous," as required by 47 C.F.R. § 64.1200(a)(4)(iii)(A), and it does not set forth "the requirements for an opt-out request," as required by § 64.1200(a)(4)(iii)(C).

WHEREFORE, Plaintiff, MAGIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants 127 HIGH STREET, INC., SILVERMAN ENTERPRISES, LLC, CLEAR CHOICE SALES, LLC, CONCORD III, L.L.C., MATT DAVIDSON, CHRISTOPHER MOORE, KIRSTA CROCKER, JAMES EARL SCOTT d/b/a INFOCONEX ONLINE SERVICES, INC., JCFDATA, INC., JAMES C. FLEMING, AARON HAZELL d/b/a 5 STAR FAX, INC and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint the Plaintiff's counsel as counsel for the Class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and award treble damages;

C. That Court enjoin the Defendants from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted,

MAGIC, INC., individually and as the representative of a class of similarly-situated persons,

By: s/ Brian J. Wanca

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

## CERTIFICATE OF SERVICE

      I hereby certify that on April 7, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        s/ Brian J. Wanca